UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

THE PREMISES, BUILDINGS, APPURTENANCES, IMPROVEMENTS, AND REAL PROPERTY LOCATED AT 3242 DAANSEN ROAD, WALWORTH, NEW YORK,

Defendant,

JERRY HAMLING, DANIEL STRACK, KIND NEWARK ONE LLC, and FERRYDOON ARDEHALI,

Claimants.

---

25-CV-459-LJV-JJM
DECISION & ORDER

On May 28, 2025, the plaintiff, the United States of America (the "government"), commenced this action for civil forfeiture under 21 U.S.C. § 881(a)(7). Docket Item 1. On July 31, 2025, the case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A), Docket Item 24, and on December 1, 2025, this Court amended the referral order to include dispositive motions under 28 U.S.C. § 636(b)(1)(B) and (C), Docket Item 47.

In the meantime, on October 9, 2025, the government and three claimants—Kind Newark One LLC ("the LLC"), Jerry Hamling, and Daniel Strack (collectively, "the moving claimants")—filed an agreement and joint motion for interlocutory sale of the defendant property, 3242 Daansen Road, Walworth, New York. Docket Item 35. About a week later, Judge McCarthy allowed the attorney for Ferrydoon Ardehali, another

claimant, to withdraw and granted Ardehali an extension of time to file a verified claim through his new attorney. *See* Docket Items 39 and 40.

Ardehali then filed a verified claim, Docket Item 41; answered the complaint, Docket Item 42; and opposed the motion for interlocutory sale, Docket Item 45. The government and the moving claimants replied and submitted documents in support of the motion for interlocutory sale. *See* Docket Items 46 and 48. Because those reply papers raised new arguments, Judge McCarthy allowed Ardehali to file a sur-reply and the moving claimants to file a response to the sur-reply. *See* Docket Item 52 (text order); Docket Items 57 and 58 (Ardehali's sur-reply); and Docket Items 60, 61, and 62 (moving claimants' response to sur-reply).

On January 22, 2026, Judge McCarthy issued a Report and Recommendation ("R&R") finding that the motion for interlocutory sale should be granted. Docket Item 69. On February 10, 2026, Ardehali objected to the R&R. Docket Item 73. The government and the moving claimants responded, Docket Items 75 and 76, and Ardehali replied, Docket Item 77. This Court heard oral argument and reserved decision. *See* Docket Item 80.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review de novo those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; and the materials submitted to Judge

McCarthy. Based on that de novo review, the Court accepts and adopts Judge McCarthy's recommendation to grant the motion for interlocutory sale.

## DISCUSSION[1]

### I. CONSIDERATION OF NEW REPLY ARGUMENTS

As a threshold matter, Ardehali argues that Judge McCarthy erred in considering new arguments first raised in the government's and the moving claimants' replies. *See* Docket Item 73 at 9-10.[2] This Court disagrees. While it is true that a judge is not *required* to consider new arguments raised in reply, "the Second Circuit has made it abundantly clear that a district court has *discretion* to consider a belatedly-raised argument." *Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 611 F. Supp. 2d 373, 375 (S.D.N.Y. 2009), *aff'd*, 374 F. App'x 71 (2d Cir. 2010) (citing *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005)).

Here, Judge McCarthy said that he "agreed with Ardehali that these grounds should have been established in the initial motion." Docket Item 69 at 3. But "in the interests of efficiency," Judge McCarthy nevertheless "consider[ed] the contents of the reply papers to the extent they established grounds for the sale[] and allowed Ardehali to file a sur-reply." *Id.* The Court agrees with that prudent and efficient case-management decision. *See, e.g.*, *Escobar v. Correa*, 2024 WL 4042122, at *6 (S.D.N.Y. Sept. 4, 2024) (finding that because plaintiff was permitted to file sur-reply to

---

[1] The Court assumes the reader's familiarity with the factual background and Judge McCarthy's analysis in the R&R, *see* Docket Item 69.

[2] Page numbers in docket citations refer to ECF pagination.

address new arguments, he was "not prejudiced by [the c]ourt's . . . considering all claims together . . . in the interests of judicial efficiency"). The Court therefore addresses the merits of the motion for interlocutory sale.

## II. MOTION FOR INTERLOCUTORY SALE

Supplemental Rule G(7) to the Federal Rules of Civil Procedure provides that "[w]hen the government does not have actual possession of the defendant property[,] the court, on motion or on its own, may enter any order necessary to preserve the property, to prevent its removal or encumbrance, or to prevent its use in a criminal offense." Supplemental Rule G(7)(a); *see also* 18 U.S.C. § 981(g)(6) ("the court shall enter any order necessary to preserve the value of the property or to protect the rights of lienholders or other persons with an interest in the property while the stay is in effect"). Supplemental Rule G(7) goes on to say that

> [o]n motion by a party . . . , the court may order all or part of the property sold if:
>
> > (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action;
> >
> > (B) the expense of keeping the property is excessive or is disproportionate to its fair market value;
> >
> > (C) the property is subject to a mortgage or to taxes on which the owner is in default; or
> >
> > (D) the court finds other good cause.

Supplemental Rule G(7)(b)(i).

Here, as Judge McCarthy observed, "Kind Newark One LLC . . . submitted evidence that the property is deteriorating, the mortgages are in default, the property taxes and utilities are in arrears, substantial carrying costs are accruing, and the

greenhouses have not been winterized." Docket Item 69 at 4 (citing Docket Items 46-1 and 46-2). Judge McCarthy also found "relevant that the sole owner of the property, Kind Newark One LLC, and the mortgagees all consent[ed] to the proposed sale." *Id.*

Ardehali concedes that "approximately $75,000" of the mortgage payments are in arrears. Docket Item 58 ¶ 21; *see also* Docket Item 73 at 10 (Ardehali's "recognizing that the LLC is behind on mortgage payments and owes some local taxes"). Ardehali says, however, that he has "identified a straightforward alternative solution in the form of a proposed tenant/lease that would allow the arrears to be satisfied and to begin generating income to the LLC." Docket Item 73 at 10. More specifically, he proffers that "Other Peoples Processing, LLC[,] issued a letter of intent, dated January 4, 2026, to enter into negotiations for a five-year lease of the property." *Id.* Additionally, Ardehali contests the moving claimants' representation and Judge McCarthy's conclusion that the LLC had consented to the sale.

### A. Standing

The first inquiry is whether Ardehali has standing. As Judge McCarthy observed, the Second Circuit has held that "[u]nder both Delaware and New York law, 'a member of an LLC has no legal interest in the assets that belong to the LLC.'" Docket Item 69 at 4-5 (quoting *United States v. Swartz Family Tr.*, 67 F.4th 505, 516 (2d Cir. 2023)); *see also* Del. Code Ann. tit. 6, § 18-701; N.Y. Ltd. Liab. Co. Law § 601). In other words, a member's "equity interest in [the LLC] is not a legal interest in the [a]sset sufficient to confer statutory standing to challenge the forfeiture of the [a]sset." *Swartz*, 67 F.4th at 516.

Ardehali acknowledges—as he must—this binding precedent. *See* Docket Item 73 at 20. But he attempts to distinguish it because, he says, "*Swartz*'s analysis and holding related to the member of an LLC's legal interest in the assets belonging to the LLC as it related to a claim to the asset, as opposed to standing to oppose an early-case interlocutory sale." *Id.* While it is true that *Swartz* did not address standing to contest an interlocutory sale, this Court has a hard time seeing why a party who has no standing to contest the ultimate forfeiture of an asset would have standing to contest the interim measure of an interlocutory sale. Indeed, Ardehali conceded at oral argument that he had been unable to find any authority for this proposition, and this Court has not found any either.

The Court therefore agrees with Judge McCarthy that Ardehali lacks standing to challenge the sale.[3]

### B. Merits

The Court therefore turns to whether the moving claimants and the government have met the requirements of Supplemental Rule G(7)(b)(i) and, if so, whether the Court should exercise its discretion to order the sale.

The first question can be answered easily. Supplemental Rule G(7)(b)(i)(C) permits an interlocutory sale if "the property is subject to a mortgage or to taxes on which the owner is in default." As explained above, Ardehali has conceded that this is

[3] The LLC, of course, does have standing to contest the sale. But even assuming for the sake of argument that Ardehali is correct that the LLC did not affirmatively consent to the sale, there is no indication in the record that the LLC contests the sale. On the contrary, counsel for the LLC—which cannot represent itself—has requested the sale. Moreover, because Ardehali does not have standing to contest the sale, the Court need not resolve factual issues he raises in his objection.

the case. *See* Docket Item 58 ¶ 21; Docket Item 73 at 10. His arguments really address not whether the criteria are met but whether this Court *should* on this basis order the sale. And the Court answers that question in the affirmative.

First—as Judge McCarthy observed—the LLC, two of its three members, the two mortgage holders, and the government all move for the sale. *See* Docket Item 69 at 4; Docket Item 75 at 13; Docket Item 76 at 2. The moving claimants have submitted ample documentation demonstrating that the LLC is in arrears on the mortgage, taxes, utility bills, and other expenses. *See* Docket Item 46. And the moving claimants also have attested that the property—which includes "approximately 26 acres and roughly 100,000 square feet of greenhouse structures, mechanical systems, and associated facilities"—will fall into disrepair absent a sale. Docket Item 46-1 ¶¶ 2-5; *see also* Docket Item 46-2 ¶¶ 24-25 (one moving claimant's attesting that "[b]ased on the physical deterioration described above, the extensive arrears on mortgages, taxes, and utilities, the uncertainty regarding winter heating, and the increased risk of structural failure, [he] believe[s] the [p]roperty is at significant and ongoing risk of decay, injury, and loss of value" and that "carrying costs substantially exceed any reasonable value derived from retaining the [p]roperty during the pendency of the forfeiture action").

Moreover, even if this Court were to consider Ardehali's proposed solution to the LLC's financial woes concerning the property—which it is not required to do given his lack of standing—the proposal would not pass muster. As Ardehali concedes, "[t]he [l]etter [of intent] has not yet been signed and would, of course, require the LLC's approval and the approval of [this Court]." Docket Item 58 ¶ 31. The LLC's approval seems highly unlikely, and this Court would have serious doubts about approving this

arrangement given the government's concerns. *See* Docket Item 75 at 16 ("The government is concerned that: (1) this would not be an appropriate arrangement while the civil and criminal cases are pending; (2) the proposed five-year lease agreement could extend well past the conclusion of the pending criminal and civil cases; and (3) the proposed alterations could affect the value of the defendant real property[] and potentially violate the restraining order currently in place.").

Based on all of this, it seems clear to the Court that an interlocutory sale is the most prudent course to preserve the value of the property. Thus, the Court adopts Judge McCarthy's R&R and grants the motion for interlocutory sale. Who ultimately will receive those proceeds is a question for another day.

## CONCLUSION

For the reasons stated above and in the R&R, the government and moving claimants' joint motion for interlocutory sale, Docket Item 35, is GRANTED. The case is referred back to Judge McCarthy for further proceedings consistent with the amended referral order of December 1, 2025, Docket Item 47.

SO ORDERED.

Dated: September 18, 2026
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE